UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LAZARUS DEMETRIOUS RICHBERT[1], | ) | C/A No.  4:14-cv-3213-MGL-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| WARDEN, RIDGELAND CORRECTIONAL INSTITUTION, | ) ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is currently incarcerated at Ridgeland Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[2] on August 11, 2014. Respondent filed a motion for summary judgment on November 24, 2014, along with a return, supporting memorandum, and exhibits. (Docs. #14 and #15). The undersigned issued an order filed November 25, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #16). Petitioner failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil

---

[1] Respondent noted that Petitioner's name is reflected as "Richbert" in the heading of the habeas petition while his state proceedings reflect his name as "Richberg" noting Attachment 7, p. 6 (verification by signature of applicant). Additionally, Respondent noted that Petitioner did not sign his federal habeas petition.

[2] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is recommended that Respondent's motion for summary judgment be granted and this action be dismissed as barred by the statute of limitations for the reasons set forth below.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent in his memorandum has not been disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently incarcerated in Ridgeland Correctional Institution pursuant to an order

of commitment from the Clerk of Court of Dorchester County. A Dorchester County Grand Jury indicted Petitioner in March 2011 for armed robbery. (Attachment 1). John M. Loy, Deputy Public Defender, represented Petitioner on the charge. On May 11, 2011, Petitioner pleaded guilty as charged. (Attachment 2). The Honorable Diane S. Goodstein heard and accepted the plea. Judge Goodstein sentenced Petitioner to the minimum sentence available under the statute, ten (10) years imprisonment. (Attachment 2, pp. 9 and 30; Attachment 3). See also S.C. Code §16-11-330(A) (setting punishment for commission of armed robbery: "must be imprisoned for a mandatory minimum term of not less than ten years or more than thirty years, no part of which may be suspended or probation granted."). Petitioner timely filed a notice of intent to appeal. (Attachment 4). On September 7, 2011, the South Carolina Court of Appeals dismissed the notice finding Petitioner "failed to show how any issue was preserved for our review" as required under Rule 203(d)(1)(B)(iv), South Carolina Appellate Court Rules to receive appellate review from a guilty plea. (Attachment 5). The Court of Appeals issued the remittitur on September 29, 2011. (Attachment 6).

Petitioner filed an application for post-conviction relief on January 18, 2012, claiming ineffective assistance of counsel in the following particulars: "Defense counsel was ineffective for not honoring the Defendant's request for Discovery. This impeded on the Defendant to make an intelligent decision concerning plea agreement. Counsel was also ineffective for not notifying the Defendant's family of court date so they could speak at Sentencing." (Attachment 7, p. 3 and attachment).

The State made its return to the application on April 12, 2012. (Attachment 8 ). William B. Jung, Esq., represented Petitioner in the action. An evidentiary hearing was scheduled on November

1, 2012, before the Honorable Carmen T. Mullen. At the outset of the hearing, PCR counsel informed Judge Mullen that Petitioner wished to withdraw the application. (Attachment 9, p. 1). Judge Mullen questioned Petitioner:

> The Applicant was sworn and questioned by this Court regarding his withdrawal request to ensure his decision to withdraw[] his application was freely and voluntarily made and that the Applicant had not been promised anything or threatened, coerced, or induced into withdrawing the application. Applicant was also advised by the Court of the consequences of a withdrawal of his application.

 (Attachment 9, p. 1).

Upon consideration of Petitioner's responses, Judge Mullen found that his request to withdraw was voluntarily made and that he "has knowingly and intelligently elected to have his application dismissed with prejudice." (Attachment 9, p. 1). Petitioner did not appeal the dismissal.

## PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following ground, quoted verbatim:

> GROUND ONE:      (left blank by petitioner)
>
> Supporting Facts:   The Defendant made Several request concerning the Motion of Discovery (Rule 5) in this case (Defendant was very specific and clear) but Counsel would not Respond; However Counsel did Mail A Copy of discovery after the Defendant Entered A Guilty Plea. The Defendant could not have made an Intelligent and voluntary decision without this important Documentation. Also Defendant's family was not able to Speak on Defendants behalf because Counsel did not Contact the family of Defendant to Inform them of the Court's Whereabouts

(Petition, p. 6).

4

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the

non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent argues that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to

establish a one-year statute of limitations for filing habeas petitions.[3]  Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on May 11, 2011. Petitioner filed a direct appeal which was dismissed by the South Carolina Court of Appeals

---

[3] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

on September 7, 2011, with the remittitur being issued on September 29, 2011.[4] Petitioner filed his PCR application on January 18, 2012. At the time of his PCR evidentiary hearing on November 1, 2012, Petitioner informed the PCR Judge that he wanted to withdraw his PCR application. After questioning the Petitioner, the PCR application was dismissed on November 1, 2012. Petitioner did not file his federal habeas petition until August 11, 2014, with a Houston v. Lack, supra, delivery date of August 4, 2014. However, even using the date of August 4, 2014, the instant petition is time-barred and should be dismissed.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

---

[4] The Petitioner is not entitled to toll the ninety (90) days to seek certiorari review from the United States Supreme Court since he did not seek review from the South Carolina Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir.2001); Reddock v. Ozmit, No. 09–204, 2010 WL 568870 at ——3–5 (D.S.C. Feb.11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10–987, 2010 WL 5691646 (D.S.C. Sept.7, 2010); Martino v. Cartledge, No. 09–527, 2010 WL 569093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07–1081, 2008 WL 2922860 (D.S.C. July 24, 2008).

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

There is no evidence that warrants equitable tolling. In his petition, Petitioner responded to the timeliness issue stating " I have recently discovered that I can file a habeas corpus Petition after the Final decision on a Post Conviction Relief Applicant which was Dated December 19, 2012." (Petition, p. 13). However, Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Petitioner did not file a response to the motion for summary judgment. Therefore, the petition should be dismissed as barred by the statute of limitations, and Respondent's motion for

summary judgment should be granted.

## **CONCLUSION**

Based on the above, it is RECOMMENDED that the Petitioner's federal habeas corpus petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice.

Alternatively, it is RECOMMENDED that Respondent's motion for summary judgment (document #14) be GRANTED in its ENTIRETY, and the petition dismissed with prejudice without an evidentiary hearing as barred by the statute of limitations.

                                      Respectfully Submitted,

                                      s/Thomas E. Rogers, III
                                      Thomas E. Rogers, III
January 7, 2015                     United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**